UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH YANCEY, et al., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:23-cv-00377-SRC |
| v. | ) ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

**<u>Memorandum and Order</u>**

This is one of many lawsuits challenging the use of negotiation adjustments in calculating the actual cash values of cars in insurance claims.  Plaintiffs Joseph Yancey and Simone Gully allege that Defendant State Farm Mutual Automobile Insurance Company breached their insurance contracts and the covenant of good faith and fair dealing by failing to pay the actual cash value of their damaged vehicles.  Doc. 1.  State Farm moves to dismiss under the first-filed rule, or to dismiss for failure to state a claim upon which relief can be granted.  Doc. 17.  The Court agrees that the first-filed rule applies and transfers the case to the Northern District of Illinois.  *See* 28 U.S.C. § 1404(a).

**I.      Background**

The Court accepts the following as true for the purposes of this motion.  State Farm insured Plaintiffs' vehicles.  Doc. 1 at ¶¶ 10–11.  Under their insurance policies, if a "covered vehicle" sustains direct, sudden, or accidental damage, State Farm has "the right to choose to settle with [the insured] or the owner of the covered vehicle in one of the following ways":

either "[p]ay the cost to repair the covered vehicle minus any applicable deductible," or "[p]ay the actual cash value of the covered vehicle minus any applicable deductible."  Doc. 19-1 at pp. 22–23.

Plaintiffs were involved in accidents, and State Farm deemed the vehicles to be total losses.  Doc. 1 at ¶¶ 10–11.  State Farm chose to pay the "actual cash value" of the totaled cars. *Id.* at ¶ 20.  To calculate the actual cash value of totaled vehicles, State Farm used AudaExplore, which provides "Autosource Market-Driven Valuation[s]."  *Id.* at ¶ 13.  Autosource identifies the asking price of comparable vehicles and then adjusts based on equipment, package, and condition differences.  *Id.* at ¶ 14.  Plaintiffs do not contest these adjustments.  *Id.*  What Plaintiffs contest is the additional "Typical Negotiation Deduction," which State Farm argues reflects that "the selling price may be substantially less than the asking price."  *Id.* at ¶¶ 15–16. Plaintiffs filed this putative class action alleging breach of contract and breach of the covenant of good faith and fair dealing.  *Id.* at ¶¶ 46–60.  Plaintiffs filed their Complaint on March 24, 2023, on behalf of themselves and all similarly situated Missouri citizens.  *Id.* at p. 1.

Over a year ago, on March 18, 2022, a party filed a virtually identical nationwide class action in the Northern District of Illinois.  *Williams et al. v. State Farm*, No. 1:22-cv-1422 (N.D. Ill.).  The plaintiffs in *Williams* also allege that State Farm breached its insurance policy by using negotiation adjustments.  *See* Doc. 19-3 at ¶ 1.  *Williams* includes a named plaintiff from Missouri (Dacheff), and Plaintiffs here are putative class members in that suit.  Doc. 1 at ¶¶ 10, 11, 26, 30; Doc. 19-3 at ¶ 66.  State Farm filed motions to dismiss *Williams* on August 12, 2022. *Williams*, No. 1:22-cv-1422, Nos. 28–35.  The plaintiffs there filed an amended complaint on February 14, 2023, after which State Farm renewed its motions to dismiss.  *Id.* at Nos. 58, 62–70. They alternatively sought summary judgment, or to compel appraisal under the terms of the

applicable policies.  *Id.*  On June 21, 2023, after the parties finished briefing State Farm's motion

to dismiss in this case, the Northern District of Illinois transferred six non-Missouri plaintiffs to

other courts based on the first-filed rule, but otherwise denied State Farm's motions—meaning

*Williams* still includes the named Missouri plaintiff, and the putative class still includes Yancey

and Gulley.  *Id.* at No. 83.

## II.   Standard

"[T]he first-filed rule gives priority, for the purposes of choosing among possible venues

when parallel litigation has been instituted in separate courts, to the party who first establishes

jurisdiction."  *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993).

Parallel litigation exists when "substantially the same parties litigate substantially the same

issues in different forums."  *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 968

(8th Cir. 2013) (citation omitted).  The purpose of this rule is to "conserve judicial resources and

avoid conflicting rulings."  *Nw. Airlines*, 989 F.2d at 1006.  The rule "'is not intended to be rigid,

mechanical, or inflexible,' . . . but is to be applied in a manner best serving the interests of

justice."  *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990)

(quoting *Orthmann v. Apple River Campground Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)).  The

prevailing standard is that "in the absence of compelling circumstances the first-filed rule should

apply."  *Nw. Airlines*, 989 F.2d at 1005 (citation omitted).

## III.   Discussion

State Farm primarily moves, under the first-filed rule, for the Court to dismiss this case,

or in the alternative, stay or transfer the case to the Northern District of Illinois.  Doc. 18 at p. 6.

The Court agrees that this action is duplicative of *Williams* because the same parties are litigating

the same issues in different courts.  In both cases the plaintiffs allege that State Farm's use of the

negotiation deduction breaches the insurance contract, and that State Farm breached the implied covenant of good faith and fair dealing.  Doc. 1 at ¶¶ 46–60; Doc. 19-3 at ¶ 1.  Further, State Farm is the defendant in both cases.  Doc. 1 at p. 1; Doc. 19-3 at p. 2.

The putative classes are also substantially the same.  In *Williams*, the Missouri named plaintiff purports to represent a putative class of Missouri insureds who received a "first-party" total-loss payment that included a "typical negotiation" or similar adjustment.  Doc. 19-3 at ¶ 66. Here, Plaintiffs purport to represent the same putative class of Missouri insureds:  those who received a "first-party" total-loss payment that "was decreased based upon 'Typical Negotiation Deductions.'"  Doc. 1 at ¶ 38.  That renders the parties substantially similar.  *Mishkin v. Volkswagen Grp. Of Am., Inc.*, No. 4:22-cv-00666-SEP, 2022 WL 18664851, at *2 (E.D. Mo. Oct. 11, 2022) ("The Court 'must evaluate the identity of the parties by looking at overlap with the putative class.'" (quoting *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 791 (6th Cir. 2016))).

State Farm claims that the Plaintiffs here are putative class members in *Williams* and that the claims here are the same as the Missouri plaintiff's claim in *Williams*.  Doc. 18 at p. 12. Plaintiffs do not contest either point.  Doc. 20 at pp. 6–8.  Instead, Plaintiffs argue that there are compelling circumstances that justify granting an exception to the first-filed rule because (1) there was a pending motion to dismiss or for summary judgment, (2) the class had not yet been certified, (3) the appraisal process under the policies had already begun, and (4) they claim this case is further along and will move faster than the *Williams* case.  *See* Doc. 20 at pp. 5–8.  The first argument is now moot because the court denied the motion to dismiss in *Williams*. *Williams*, No. 1:22-cv-1422, No. 83.  Regarding Plaintiffs' third argument, they concede that appraisal "will not resolve the justiciable issues in this case" and ultimately include no

explanation for why appraisal justifies keeping the case here.  Doc. 20 at pp. 3, 9.  The Court addresses the remaining arguments in turn.

**A.    The first-filed rule applies whether or not the first-filed case has reached class certification.**

Plaintiffs argue that the first-filed-rule motion is premature because the class in the first-filed case has yet to be certified.  Doc. 20 at p. 6.  However, Plaintiffs' cited cases suggest that the Court should give little to no weight to that consideration.  They first rely on *Martin v. Medicredit, Inc.* because, according to Plaintiffs, the court in that case supposedly declined to follow the first-filed rule due to doubts concerning "the viability of the proposed certification in" the first-filed case.  No. 4:16-cv-01138-ERW, 2016 WL 6696068, at *5 (E.D. Mo. Nov. 15, 2016); Doc. 20 at p. 6.  However, the court actually declined to follow the first-filed rule because the defendant "*ha[d] taken inconsistent positions regarding* the viability of the proposed class certification." *Martin*, 2016 WL 6696068, at *5 (emphasis added).  The defendant in *Martin* assumed for its transfer motion that the court would certify a class in the first-filed case while simultaneously contesting class certification in that case.  *Id.*  State Farm has done no such thing here.  Regardless, the court's primary reasons for declining to follow the first-filed rule in *Martin* were "the presence of different defendants and significant disparities in the definitions of the putative classes," which do not apply here.  *Id.*

Plaintiffs additionally cite *Gibbs v. Haynes Invs., LLC*, 368 F. Supp. 3d 901, 915–16 (E.D. Va. 2019).  Doc. 20 at p. 6.  Though the court in that case did acknowledge the lack of certification, many other countervailing factors existed in that case that do not apply here.  First, the defendants were different, which the court called "highly problematic."  *Id.* at 916.  "More importantly," the causes of action between the cases did "not constitute substantively identical or similar claims."  *Id.*  The court concluded that "[b]ecause neither the parties nor the claims

5

substantially overlap, the first-to-file rule does not commend transfer." *Id.* at 917.  Meanwhile, here, State Farm is the defendant in both cases, and the Plaintiffs do not dispute that the claims are substantively similar.  *See* Doc. 20.

Plaintiffs also cite *Lac Anh Le v. PricewaterhouseCoopers LLP,* No. C-07-5476 MMC 2008 WL 618938 (N.D. Cal. Mar. 4, 2008).  In that case, although the court did discuss the lack of class certification in evaluating whether a stay is appropriate, the court ultimately issued an order sua sponte to "show cause why the instant action should not be transferred" despite the lack of class certification.  *Id.* at *2.

Finally, Plaintiffs point to *George v. Uponor Corp.*, 988 F. Supp. 2d 1056 (D. Minn. 2013).  Doc. 20 at p. 6.  While the court did dismiss the relevant plaintiffs in *George* on standing grounds, State Farm is correct that the court incorrectly evaluated the identities of the remaining plaintiffs.  Doc. 27 at p. 5.  The court stated that the first-filed rule did not apply because the plaintiffs were not officially members of the class in the previously filed case, nor had the court in the previously filed case certified a class.  *George*, 988 F. Supp. 2d at 1077–78.  However, the Court here "must evaluate the identity of the parties by looking at overlap with the putative class," not the actual class membership.  *Mishkin*, 2022 WL 18664851, at *2 (quoting *Baatz*, 814 F.3d at 790).  Thus, while Plaintiffs may not be class members yet, they are still included in the putative-class definition, which is what the Court looks to in deciding whether parties overlap. *Id.*

Based on Plaintiffs' cited cases, the Court places little weight on the lack of class certification.  It alone does not constitute the compelling circumstances necessary for an exception to the first-filed rule.

**B.      The potential for a faster trial is not a compelling circumstance that justifies an exception to the first-filed rule.**

Next, the Plaintiffs claim that this case is further along or will proceed faster than the nationwide class action.  Doc. 20 at p. 7.  It is hard to see how this case is further along; *Williams* has been developed for another *year* and passed the motion to dismiss stage.  *Williams*, No. 1:22-cv-1422.  In this case, Plaintiffs claim that they can reuse discovery from similar suits, and that only one state's laws are involved instead of dozens.  *See* Doc. 20 at p. 7.  However, that discovery needs to be developed in other cases, possibly requiring this Court to stay this case pending development of that discovery.  Plaintiffs' raising a speculative prospect of faster proceedings in this Court does not constitute "compelling circumstances."

Plaintiffs first cite *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 120 (8th Cir. 1985).  Doc. 20 at p. 7.  It does not help.  In *Orthmann*, the court dismissed the first-filed case because, after two years of litigation, questions of personal jurisdiction over the defendants remained.  765 F.2d at 121.  Meanwhile, the second-filed case had established jurisdiction.  *Id.* The first-filed rule gives priority "to the party who first establishes jurisdiction." *Nw. Airlines*, 989 F.2d at 1006.  Therefore, *Orthmann* demonstrates an application of the first-filed rule, not an exception to it.

Plaintiffs additionally cite *Kyle v. Charter Commc'ns, Inc,* No. 4:20-cv-00062-SRB, 2020 WL 2028269, at *2 (W.D. Mo. Apr. 27, 2020).  Doc. 20 at 7.  However, in that case the court found that the first-filed rule did not apply because "significant differences exist[ed] between the parties and issues involved in each action."  *Kyle*, 2020 WL 2028269 at *2.

Plaintiffs finally cite *Swinton v. SquareTrade, Inc.*, No. 18-cv-00144-SMR-SBJ, 2018 WL 8458862, at *8 (S.D. Iowa Sept. 21, 2018).  Doc. 20 at 7.  In that case, the district court refused to transfer because the second-filed case was further along; the court focused on the

parties' tentative settlement agreement in *Swinton* as opposed to the motion to compel arbitration that was on appeal in the previously filed case. *Id.* at *8. The court held that transferring the case with a tentative settlement agreement would be a "waste of judicial resources." *Id.* Not so here, where the parties have submitted no evidence of a pending settlement agreement.

In short, all of Plaintiffs' cited cases presented compelling circumstances weighing against transfer. No such compelling circumstances exist here, and the Court transfers the case under the first-filed rule. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also Monsanto Tech. LLC v. Syngenta Crop Prot., Inc.*, 212 F. Supp. 2d 1101, 1104–05 (E.D. Mo. 2002) (transferring later-filed case under § 1404(a)).

## IV.    Conclusion

For the reasons stated above, the Court directs the Clerk of Court to transfer this case in its entirety to the United States District Court for the Northern District of Illinois. *See* 28 U.S.C. § 1404(a).

So Ordered this 7th day of August 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE